### City of Leroy, Plaintiff in Error, v. P. A. Guthrie, County Clerk, Defendant in Error.

1. CLERKS OF COURTS, § 18*—*fees of clerk of County Court in eminent domain proceeding by city for local improvements.* Under section 18 of chapter 53, Hurd's R. S. 1911, relating to Fees and salaries (J. & A. ¶ 5619), the clerk of the County Court is not authorized in special assessment cases to tax $20 as costs for the exercise of the right of eminent domain and $10 as costs for each lot when the local improvement requires the exercise of the right of eminent domain by the municipality.

2. MUNICIPAL CORPORATIONS, § 455*—*costs in eminent domain proceedings under Local Improvement Act.* In eminent domain proceedings by a city under the Local Improvement Act of 1897 (J. & A. ¶¶ 1388 et seq.), the statutory provisions relating to costs in proceedings under the Eminent Domain Act (J. & A. ¶¶ 5152 et seq.) are not applicable.

Error to the Circuit Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded with directions. Opinion filed October 16, 1914.

LESLIE J. OWEN and STONE, OGLEVEE & FRANKLIN, for plaintiff in error.

MILES K. YOUNG, for defendant in error; W. B. LEACH, of counsel.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The plaintiff in error, the City of Leroy, filed in the County Court of McLean county its petition under the Act concerning Local Improvements in force July 1, 1897, and the amendments thereto, (J. & A. ¶¶ 1388 *et seq.*) for the appointment of two commissioners to act with the president of the Board of Local Improvements in fixing a just compensation for private property to be taken for a sewer system for said petitioner and to assess the benefits resulting therefrom under said Local Improvement Act. The commissioners were appointed and made report as provided by said act. Said improvement contemplated the construction of said sewer system across thirty-four tracks of land of individuals.

A jury was impaneled and returned thirty-four verdicts fixing the just compensation to be paid for the lands taken and damages for the lands not taken in each instance at the same sum which had been determined upon by the commissioners in their report, the total of which was $72, and upon the return of said verdicts the court entered an order directing that the sum due for the lands taken or damaged be paid by petitioner, and upon proof of said payment that the petitioner was entitled to take possession of said property for the purpose of constructing said improvement, and thereafter the special assessment proceeding went forward in regular form to final judgment and all services were performed in connection therewith by the clerk as provided by law, and the court ordered that the petitioner pay the costs of said proceeding.

Costs in said proceeding were taxed by the clerk in the following manner:

"For services special assessment...........$ 10.00
For issuing warrant, 607 descriptions at 10¢
   each ..............................;.............   60.70
For eminent domain......................   20.00
For each tract in eminent domain, extra 34
   tracts at $10 each...................... 340.00

Fees of Jas. Reeder, sheriff, serving and re-
    turning summons...................... 99.15
Fees of LeRoy Journal, printer........... 32.10
Fees of George W. Payne, commissioner... 50.00
Fees of Harry Lamant, commissioner...... 50.00
Fees of W. R. Flint, guardian ad litem.... 5.00

                                         $666.95"

The petitioner made a motion to retax the costs, ob-
jecting to the following items of costs as taxed by the
clerk in said proceeding, to wit:
"Eminent domain........................ $20.00
  Each tract in eminent domain extra 34 de-
    scriptions at $10 each................. 340.00"
The motion was denied.

The question involved in this case is whether or not
the clerk of the County Court is authorized by that
paragraph of section 18 of chapter 53 of the Statute
(J. & A. ¶ 5619), which concerns services in special
assessment cases, to tax $20 as costs for the exercise
of the right of eminent domain and $10 as costs for
each lot when the local improvement requires the exer-
cise of the right of eminent domain by the municipal-
ity.

The Local Improvement Act provides for the im-
provement as therein provided, and section 12 (Hurd's
R. S. 1911, sec. 518, p. 407, J. & A. ¶ 1399) provides
if the ordinance for the improvement requires the tak-
ing or damaging of property the proceeding for mak-
ing compensation shall be as described in sections 13
to 33.

It was said in *Rieker v. City of Danville*, 204 Ill. 192,
that the Eminent Domain Act cannot apply to the Local
Improvement Act; they are entirely different classes
of proceedings. They being "wholly different" the
Eminent Domain Cost Act cannot apply to the Local
Improvement Act. The county clerk having taxed
$20 for costs on the proceeding and $10 costs for each
tract or lot, the court should have allowed the motion

to retax and set aside the said items of $20 and the $10 on each tract or lot, amounting to $360. The order of the County Court is reversed and the case remanded to the County Court with directions to retax the costs by striking therefrom said items.

*Reversed and remanded with directions.*